TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

------------------------
                          :
     OPINION              :
                          :
       of                 :    No. 87-405
                          :
 JOHN K. VAN DE KAMP      :    SEPTEMBER 10, 1987
    Attorney General      :
                          :
   JACK R. WINKLER        :
Assistant Attorney General :
                          :
   PETER H. KAUFMAN       :
 Deputy Attorney General  :
                          :
----------------------------------------------------------------


        THE CALIFORNIA COASTAL COMMISSION, has requested an
opinion on the following questions:

        1.  May a city or county, by ordinance, including those
adopted by referendum or initiative, lawfully authorize a use of
land in the coastal zone which is not permitted by a local
coastal program or land use plan certified by the California
Coastal Commission without approval of the Commission?

        2.  May a city or county lawfully prohibit a use of
land in the coastal zone which is permitted by a local coastal
program or land use plan certified by the California Coastal
Commission, by ordinance, including those adopted by referendum
or initiative, without the approval of the Commission?

        3.  Are the Coastal Act's provisions for approval of
amendments to a certified local coastal program or land use plan
by the California Coastal Commission applicable to charter
cities?

CONCLUSIONS

        1.  A city or county, by ordinance, including those
adopted by referendum or initiative, may not lawfully authorize a
use of land in the coastal zone which is not permitted by a local

coastal program or land use plan certified by the California
Coastal Commission without approval of the Commission.

2.  A city or county may not lawfully prohibit a use of
land in the coastal zone which is permitted by a local coastal
program or land use plan certified by the California Coastal
Commission by ordinance, including those adopted by referendum or
initiative, without the approval of the Commission.

3.  The Coastal Act's provisions for approval of
amendments to a certified local coastal program or land use plan
by the California Coastal Commission are applicable to charter
cities.

ANALYSIS

The Planning and Zoning Law (Government Code section
65,000 et seq.) requires each county and city in California to
adopt a comprehensive, long-term general plan for the physical
development of the county or city. (Government Code section
65,300.) The general plan consists of a statement of development
policies and includes diagrams and text setting forth objectives,
principles, standards, and plan proposals. (Government Code
section 65,302.)  The general plan must contain certain elements
required by state law and may contain other elements at the
option of the county or city.  The required elements of a general
plan are (a) a land use element, (b) a circulation element, (c) a
housing element, (d) a conservation element, (e) an open-space
element, (f) a noise element, and (g) a safety element.
(Government Code section 65,302.)  A land use element designates
the proposed general distribution and general location and extent
of the uses of the land for housing, business, industry, open
space, including agriculture, natural resources, recreation, and
enjoyment of scenic beauty, education, public buildings and
grounds, solid and liquid waste disposal facilities, and other
categories of public and private uses of land.  The land use
element  also includes a statement of the standards of population
density recommended for the various districts and other territory
covered by the plan and identifies those areas subject to
flooding. (Government Code Section 65,302(a).)

The general plan of a county or city is implemented by
ordinances and regulations governing zoning, subdividing and
building permits.  Zoning ordinances adopted pursuant to
Government Code section 65,800 et seq. divide the county into
districts and prescribe the permitted uses of land and buildings
within each district.  Subdivision ordinances adopted pursuant to
the Subdivision Map Act (Government Code section 66,410 et seq.)
govern the division of land for purpose of sale, lease or
financing and require mapping and improvements in new

developments.  Building permit ordinances generally require that buildings be constructed to certain standards (such as building, plumbing and electrical codes) and require that permits be obtained before construction starts.

The California Coastal Act of 1976 ("the Act"; Public Resources Code section 30,000 et seq.) superimposes upon the planning, zoning and building regulation functions of counties and cities certain additional requirements set forth in the Act which apply to the coastal zone, a strip along the coastline defined in section 30,103 of the Public Resources Code.  The goals of the Act are set forth in sections 30,001 and 30,001.5 [1]/ of the Public Resources Code and include resource conservation, enhancing public access to the seashore and assuring priority for coastal dependent development.  To achieve these goals each coastal county and city is required to submit a local coastal program ("LCP") to the California Coastal Commission ("the Commission") covering that territory within its boundaries within the coastal zone. (Section 30,500.)  An LCP means the county's or city's (a) land use plans, (b) zoning ordinances, (c) zoning district maps, and (d) within sensitive coastal resources areas, other implementing actions, which, when taken together, meet the requirements of, and implement the provisions and policies of the Act at the local level. (Section 30,108.6)  The Commission reviews the LCP and certifies it if it meets the requirements of the Act.

The county or city may submit its LCP in two phases or all at once. (Section 30,511.)  It may first submit the land use plan portion of the LCP (the "LUP") to the Commission for certification and later submit the zoning ordinances, zoning district maps and any other implementing actions necessary to a complete LCP.  The Commission certifies the LUP when it is submitted first if it conforms to the Act and does not consider certifying the LCP until the rest of the required material is submitted.  Thus a county or city may have a certified LUP for its coastal zone without a certified LCP.  (Section 30,512 et seq.)

The Coastal Act requires a coastal development permit before commencing any development within the coastal zone. (Section 30,600.)  Before the LCP is certified such permit must be obtained from the Commission unless the county or city sets up a procedure authorized in the Act to issue such permits itself. (Section 30,600.)  The procedure is designed to assure that no permits will issue unless the development conforms to the Act. After the LCP is certified by the Commission the county or city issues  coastal development permits within its boundaries with certain exceptions. (Sections 30,519 and 30,600.)  When the

_____

1.  Section references are to the Public Resources Code unless otherwise indicated.

Commission has certified a LUP for all or a portion of the coastal zone in a county or city (prior to LCP certification) the authority to issue coastal development permits therein may be delegated to the county or city. (Section 30,600.5)  Prior to the certification of a LCP when coastal development permits are issued by the county or city, an appeal from its action thereon may be taken to the Commission which may then grant or deny the permit. (Section 30,602.)

It is in the context of the foregoing state-county-city regulatory scheme that the questions presented for this opinion are cast.  The first question asks whether a county or city, by ordinance, including those adopted by referendum or initiative, may lawfully authorize a use of land in the coastal zone which is not permitted by a LCP or a LUP certified by the Commission.  The answer to this question is governed by section 30,514 which reads as follows:

"(a) A certified local coastal program and all local implementing ordinances, regulations, and other actions may be amended by the appropriate local government, but no such amendment shall take effect until it has been certified by the commission.

"(b) Any proposed amendments to a certified local coastal program shall be submitted to, and processed by, the commission in accordance with the applicable procedures and time limits specified in Sections 30512 and 30513, except that the commission shall make no determination as to whether a proposed amendment raises a substantial issue as to conformity with the policies of Chapter 3 (commencing with Section 30200) as would otherwise be required by Section 30512.  In no event shall there be more than three of these submittals of proposed amendments in any calendar year.  However, there are no limitations on the number of amendments included in each of the three submittals.

"(c) The commission shall, by regulation, establish a procedure whereby proposed amendments to a a certified local coastal program may be reviewed and designated by the executive director of the commission as being minor in nature or as requiring rapid and expeditious action.  This procedure shall include provisions authorizing local governments to propose amendments to the executive director for such review and designation.  Proposed amendments that are so designated shall not be subject to the provisions of subdivision (b) or Sections 30512 and 30513 and shall take effect on the 10th working day after such designation.  Amendments that allow changes in uses shall not be so designated.

"(d) For the purpose of this section, an 'amendment of a certified local coastal program' includes, but is not limited to, any action by the local government which authorizes a use of a parcel of land other than that designated in the certified local coastal program as a permitted use of such parcel."

If the action of local government is an amendment of a certified local coastal program or a local implementing ordinance, regulation, or other action, it does not take effect until it has been certified by the Commission. (Section 30,514(a).) Subdivision (d) of Section 30,514 provides that any action by local government which authorizes a use of a parcel of land other than that designated in the certified LCP as a permitted use of such parcel is an amendment of a certified LCP for the purposes of that section.

The first question presented concerns action by the county or city which would authorize a use of land not permitted by a certified LCP or certified LUP. In the case of a county or city with a certified LCP such local action would consitute an amendment of a certifed LCP within the meaning of section 30,514 and thus would not become effective until it is certified by the Commission. In the case of a county or city with a certifed LUP but without a certified LCP, we think that any local action to authorize a use not permitted by the certified LUP would also consitute an amendment of an action implementing an LCP within the meaning of Section 30,514 and therefore would not become effective until it is certified by the Commission.

In the latter case subdivision (d) of Section 30,514 does not apply because there is no certified LCP to amend. However, under subdivision (a) of that section the amendments which do not take effect until certified by the Commission include not only amendments to a certifed LCP but also amendments to "all local implementing ordinances, regulations, and other actions". We have seen that a LUP is an integral part of every LCP. (Section 30,108.6.) It is that part of the LCP which indicates the kinds, location and intensity of land uses. (See Section 30,108.6.) Section 30,108.6 defining "local coastal program" speaks of land use plans, zoning ordinances, zoning district maps and "other implementing actions" thus characterizing land use plans as an action "implementing" a LCP. Thus we think the Legislature intended Section 30,514 to apply to local actions amending a certified LUP as well as those amending a certified LCP. Any local action which authorizes a use of a parcel of land other than that designated in the certified LUP would constitute an amendment of that LUP. (Compare Section 30,514(d).)

The first two questions speak of county or city ordinances and resolutions, including those adopted by referendum

or initiative.  Most county ordinances are adopted by the board of supervisors of the county (Government Code sections 25,207 and 25,120 et seq.) just as most city ordinances are adopted by the city council (Government Code sections 37,100 and 36,931 et seq.).  However the electors of a county or city may enact an ordinance through the procedures of referendum and initiative. (See article II, section 11 of the California Constitution.) County ordinances may be enacted by vote of the people approving a referendum (Elections Code section 3750 et seq.) or an initiative measure (Elections Code section 3700 et seq.). Similarly city ordinances may be enacted by vote of the people approving a referendum (Elections Code section 4050 et seq.) or an initiative measure (Elections Code section 4000 et seq.). These referendum and initiative provisions apply to planning and zoning ordinances as well as other kinds of ordinances. See <u>Arnel Development Co.</u> v. <u>City of Costa Mesa</u>, (1980) 28 Cal.3d 511, 516 and <u>Yost</u> v. <u>Thomas</u> (1984) 36 Cal.3d 561, 570.  However, it is well recognized that an ordinance proposed by the electors of a county or city under the initiative law must constitute such legislation as the legislative body of such county or city has the power to enact under the law granting, defining and limiting the powers of such body. <u>Blotter</u> v. <u>Farrell</u> (1954) 42 Cal.2d 804, 810.  Cities and counties have only those powers which are granted to them by the constitution and laws of the state.  Their authority to plan and regulate land uses in the coastal zone is defined and limited by the Planning and Zoning Law and the Coastal Act.  Their powers to enact ordinances under article XI, section 7 of the constitution is limited to those police power measures which do not conflict with general law such as the Planning and Zoning Law and the Coastal Act.  Thus a county or city ordinance which would authorize a use of land in the coastal zone which is not permitted in an LCP or LUP certified by the Commission is subject to the provisions of section 30,514 whether it was adopted by the legislative body of the county or city or by the electorate.

Section 30,514 expressly states that a certified LCP and all implementing ordinances, regulations and other actions may be amended by the appropriate local government, however the effectiveness of such an amendment is made to depend upon certification by the Commission.  This means that a county or city may adopt such an amendment at any time but such amendment does not become effective until it has been certified by the Commission.  Such an ordinance before it has been certified by the Commission is therefore not effective to authorize a use not permitted by a certified LCP or LUP.

In response to the first question we conclude that a county or city, by ordinance, including those adopted by referendum or initiative, may not lawfully authorize a use of land in the coastal zone which is not permitted by an LCP or LUP certified by the Commission without approval of the Commission.

6.                                                          87-405

The second question asks whether a county or city may lawfully prohibit a use of land in the coastal zone which is permitted by an LCP or LUP certified by the Commission. Section 30,005 provides in part as follows:

"No provision of this division [the Act] is a limitation on any of the following:

"(a) Except as otherwise limited by state law, on the power of a city or county or city and county to adopt and enforce additional regulations, not in conflict with this act, imposing further conditions, restrictions, or limitations with respect to any land or water use or other activity which might adversely affect the resources of the coastal zone.

". . . . . . . . . . . . . . . . . . . . . . . . ."

Section 30,005 recognizes the power of a county or city to make additional restrictions on the use of land in the coastal zone which are not in conflict with the Coastal Act. Nevertheless, when it does so it is subject to the provisions of state law, including section 30,514.

It has been suggested that section 30,005 authorizes a city or county to prohibit a use in the coastal zone which is authorized by an LCP or LUP certified by the Commission without approval of the Commission because it would be an additional regulation imposing further restrictions and limitations on land use in the coastal zone, and thus would be a local power not limited by the Act. We reject the suggestion because section 30,005 expressly affects only those local powers which are "not in conflict with the act". A local prohibition of a use authorized by a certified LCP or LUP might well be in conflict with the Act. An example would be local action prohibiting use of certain beach frontage as a marina when the certified LCP or LUP authorized use of the same property as a marina. The Commission might well find that such a prohibition would be in conflict with section 30,220 through 30,224 of the Act which require that recreational boating use of coastal waters be encouraged. Furthermore section 30,005 contains another limitation, namely the words "[e]xcept as otherwise provided by state law". We think section 30,514 is a state law which provides otherwise.

To repeat, section 30,514(a) provides that a certified LCP, and all local implementing ordinances, regulations, and other actions (which we have previously concluded include a certified LUP) "may be amended by the appropriate local government, but no such amendment shall take effect until it has been certified by the commission". Thus we must determine whether local action prohibiting a use permitted by an LCP or LUP

certified by the Commission is an amendment of the certified LCP or LUP within the meaning of section 30,514(a) and thus requires certification by the Commission before it becomes effective.  The word "amendment" as used in section 30,514 is not defined except that subdivision (d) provides that it includes local action authorizing a use prohibited by a certified LCP.  That the Legislature did not intend that the word "amendment" be confined to such local action is made clear by the words "but is not limited to".  Such intent is also indicated in the last sentence of subdivision (c) which provides that amendments which allow changes in uses shall not be designated for expeditious action.  The ordinary meaning of the word "amendment" as applied to a law is a revision or change of the law.  Action which prohibits what a law authorizes revises and changes it as much as action authorizing what a law prohibits.  Thus we conclude that local action which prohibits a use of land in the coastal zone which is authorized by a certified LCP or LUP "amends" such certified LCP or LUP within the meaning of section 30,514(a) and therefore does not become effective until it is certified by the Commission.

We conclude that a city or county may not lawfully prohibit a use of land in the coastal zone which is permitted by a LCP or LUP certified by the Commission by ordinance, including those adopted by referendum or initiative, without approval of the Commission.

The third question asks whether the Coastal Act's provisions for approval of amendments to a certified LCP or LUP by the Commission are applicable to charter cities.  Article XI, section 5(a) of the California Constitution provides:

"It shall be competent in any city charter to provide that the city governed thereunder may make and enforce all ordinances and regulations in respect to municipal affairs, subject only to restrictions and limitations provided in their several charters and in respect to other matters they shall be subject to general laws.  City charters adopted pursuant to this Constitution shall supersede any existing charter, and with respect to municipal affairs shall supersede all laws inconsistent therewith."

This constitutional provision was analyzed in Bishop v. City of San Jose (1969) 1 Cal. 3d 56, particularly with reference to whether or not a charter city's ordinance regulating a "municipal affair" would prevail over a conflicting general state law.  The court recognized that a charter city has "autonomy with respect to all municipal affairs"; however, as to matters of "statewide concern," charter cities remain subject to and controlled by applicable general state laws "regardless of the provisions of their charters, if it is the intent and purpose of such general laws to occupy the field to the exclusion of

municipal regulation (the preemption doctrine)."    (1 Cal. 3d at 61-62.)

Section 30,004 of the Act provides in part:

"The Legislature further finds and declares that:

"(a) . . .

"(b) To ensure conformity with the provisions of this division [the Act], and to provide maximum state involvement in federal activities allowable under federal law or regulations or the United States Constitution which affect California's coastal resources, to protect regional, state, and national interests in assuring the maintenance of the long-term productivity and economic vitality of coastal resources necessary for the well-being of the people of the state, and to avoid long-term costs to the public and a diminished quality of life resulting from the misuse of coastal resources, to coordinate and integrate the activities of the many agencies whose activities impact the coastal zone, and to supplement their activities in matters not properly within the jurisdiction of any existing agency, it is necessary to provide for continued state coastal planning and management through a state coastal commission."

Whether a measure involves a municipal affair or a subject of statewide concern is a judicial, not a legislative, question and no exact definition of the term "municipal affairs" can be formulated. <u>Bishop</u> v. <u>City of San Jose</u>, <u>supra</u> at pp. 62-63. Nevertheless, we are convinced that a court would be persuaded by the legislative finding quoted above that the subject of requiring local ordinances and actions in the coastal zone to conform to state coastal planning and management is a matter of statewide concern and not a municipal affair.

Government Code section 65,803 provides that the provisions of the state zoning law "shall not apply to a chartered city, except to the extent that the same may be adopted by charter or ordinance of the city." The express exemption of chartered cities from the provisions of the state zoning law does not mean they are also exempt from the provisions of the Coastal Act. In fact section 30,109 defines "local government" as used in the Act to include "any chartered or general law city." Thus the provision in section 30,514(a) that a certified LCP and other actions "may be amended by the appropriate local government, but no such amendment shall take effect until it has been certified by the commission" applies to chartered as well as general law cities.

        We conclude that the Act's provisions for approval of amendments to a certified local coastal or land use plan by the Commission are applicable to chartered cities.

* * * * *